THE CHICAGO R. I. & P. RY. CO., PLAINTIFF IN ERROR, v. FERGUSON, DEFENDANT IN ERROR.

THE CHICAGO R. I. & P. RY. CO., PLAINTIFF IN ERROR, v. CAMPBELL, DEFENDANT IN ERROR.

THE CHICAGO R. I. & P. RY. CO., PLAINTIFF IN ERROR, v. WALSH, DEFENDANT IN ERROR.

1. MASTER AND SERVANT, WHEN RELATION IS NOT CREATED.

Where the principal, using due care in the selection of the person, enters into a contract with the person exercising an independent employment, by virtue of which the latter undertakes to accomplish a given result, being at liberty to select and employ his own means and methods, and the principal retains no right or power to control or direct the manner in which the work shall be done, the contract does not create the relation of principal and agent or master and servant, and the person contracting for the work is not liable for the negligence of the contractor, his agents or servants in the performance of the work.

2. EMPLOYMENT, WHEN INDEPENDENT.

An employment is regarded as independent when the person renders service in the course of an occupation representing the will of an employer only as to the result of the work, and not as to the means by which it is accomplished.

3. INSTRUCTIONS.
Instructions which assume the existence of a fact in question are erroneous.

*Error to the County Court of El Paso County.*

Messrs. PATTISON, EDSALL & WHITTED, for plaintiff in error.

Mr. T. A. McMORRIS, for defendant in error.

REED, J., delivered the opinion of the court.

The three cases embrace the same questions and issues, and were by stipulation of counsel submitted upon the same briefs and arguments of counsel.   The suits were in the nature of trespass to real property, for the breaking or cutting of fences, entry upon the lands of the respective plaintiffs (defendants in error), and alleged damages ; were originally brought before a justice of the peace, trials had resulting in each instance in a small judgment against plaintiff in error. Appeals were taken to the county court, trials had to a jury, verdict and judgment in each against plaintiff, and appeals taken to this court.

Plaintiff is a corporation operating a railway.   By an act of 1874, Gen'l Stat., sec. 2796, page 811, it was provided that every railroad corporation operating lines of road within the state should, each year, plow fire guards on each side of its line.   In compliance with the requirements of the statute, in the year 1891, the plaintiff, by contract, let the plowing of the fire guards, from some point in El Paso county to the eastern line of the state, to one Webb at a given price per mile, the work to be done in accordance with the statutory specifications.   A part of the distance the land or right of way of the plaintiff was of sufficient width to allow the plowing to be done within its limits.   A part of the way, if plowed at all, it had to be upon the land of abutting owners.   Defendants were such owners, upon whose lands it

was necessary to enter. It is in evidence, and undisputed, that where entry upon other land was necessary, Webb was, by virtue of his contract, required to see the owners of the land and obtain permission to enter and do the work. It is also in evidence, that in the cases under review, he disregarded the requirement, and without having obtained consent cut the fences, made the entries, did the work, causing some slight damage aside from that of cutting the fences. It is also established by the evidence that plaintiff exercised no supervision or control over the work after letting the contract, its only duties being to see that the work was properly done and make the payment. It was assumed upon the trials that this state of facts created the relation of master and servant; that plaintiff was liable for the torts of the contractor. The court, in its instructions, assumed the same position, and practically and in effect took from the jury all questions of fact except those of entry and damages.

The only question necessary to be determined is whether, under the facts, a case was made where the doctrine of *respondeat superior* could be invoked and applied. The work contracted to be done was not only legal, but was required by the statute and obligatory upon the corporation. By the contract, the entry upon the land of others was to be legal under the consent of the owner—to be obtained by Webb previous to the entry.

Admitting that the relation of master and servant existed, as contended, it is very doubtful whether the corporation could be held responsible for the torts of the servant under the circumstances. The weight of authority, both English and American, is against it, but we do not find it necessary to decide the question in this case. In *Mechem on Agency*, § 747, the rule of law deduced from the authorities and lawfully stated is : " Where, however, the principal has not this right of control a different rule prevails. Neither reason nor justice requires that he should be held responsible for the manner of doing an act when he had no power or right to direct or control that manner. If, therefore, the principal,

using due care in the selection of the person, enters into a contract with a person exercising an independent employment, by virtue of which the latter undertakes to accomplish a given result, being at liberty to select and employ his own means and methods, and the principal retains no right or power to control or direct the manner in which the work shall be done, such a contract does not create the relation of principal and agent or master and servant, and the person contracting for the work is not liable for the negligence of the contractor, or of his servants or agents, in the performance of the work. The employment is regarded as independent where the person renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished."

In *Forsyth v. Hooper*, 11 Allen (Mass.), 421,—a well considered case—it is said: "When, however, the person employed is engaged under an entire contract, for a gross sum, and in an independent operation, not subject to the direction or control of his employer, the relation is not regarded as that of master and servant, but is said in modern phrase to be that of contractor and contractee ; and the negligence of such contracting party, or of his servant, cannot be charged upon him for whom the work is contracted to be done. The question whether the relation be that of master and servant or not, is mainly determined by ascertaining from the contract of employment *whether* the employer retains the power of directing and controlling the work, or has given it to the contractor."

In *Hilliard v. Richardson*, 3 Gray (Mass.), 349, the court, in speaking of the tort, said: "It was not done by one whom the defendant had the right to command, over whose conduct he had efficient control, whose operations he might direct, whose negligence he might restrain."

In *Fuller v. Bank of Galion*, 15 Fed. Rep. 875 (U. S. C. C. N. Dist. of Ohio), the court said: "If you find from the proof that the defendant let the whole work of excavating

and finishing the vault to Tamlyn, as a contractor, to finish and complete the whole as a job, without reserving any control or direction over him in its construction, or over the construction of the work, or the place where it was being constructed, or the mode of its execution, or the workmen to be employed to do it, then he would be an independent contractor, and the defendant is not liable."

In *Blake v. Ferris*, 5 N. Y. 48, the court says : "When a man is employed in doing a job or piece of work, with his own means and his own men, and employs others to help him, or to execute the work for him and under his control, he is their superior, who is responsible for their conduct, no matter whom he is doing the work for. To attempt to make the primary principal or employer responsible, in such cases, would be an attempt to push the doctrine of *respondeat superior* beyond the reason on which it is founded."

In a recent case, *Hexamer v. Webb*, 101 N. Y. 383, the court said : "In the case considered, we think that, by the contract between the defendant and Burford, the relation of master and servant was not created. Burford was a mechanic, engaged in a particular kind of business which qualified him for the performance of the work which he was employed to do. By the arrangement with the defendant he was an independent contractor, engaged to perform the work in question. He was employed to accomplish a particular object by obviating the difficulty which he sought to remove. The mode and manner in which it was to be done, and the means to be employed in its accomplishment, were left entirely to his skill and judgment. Everything connected with the work was wholly under his direction and control. No right was reserved to the defendant to interfere with Burford, or the conduct of the work. It was the result which was to be attained that was provided for by the contract, without any particular method or means by which it was to be accomplished. So long as the contractor did the work the defendant had no right to interfere with his way of doing it." See also, *Steel v. Railway Co.*, 16 C. Bench,

550; *Cuff v. Railway Co. et al.*, 35 N. J. L. 17; *Painter v. Pittsburgh*, 46 Pa. St. 213; *Eaton v. Railway Co.*, 59 Me. 520; *Clark v. Railway Co.*, 28 Vt. 103; *Blake v. Ferris*, 5 N. Y. 48.

It follows that the court erred in the law of the case, and that the instructions were erroneous. The instructions assume the only question, or first important question, to be determined, viz.: That the relation of master and servant existed. The court said: "If the jury believes, from the preponderance of the evidence, that the defendant's servants or employees cut the fences," etc.

The judgments will be reversed and the causes remanded.

*Reversed.*